IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **TONY DEROSA-GRUND** | § | Case No. 09-33264-- H4 |
| | § | |
| **DEBTOR.** | § | (Chapter 7) |
| | § | |
| | § | |
| **New Line Productions, Inc.** | § | Adv. Proc. No. 16-03137 |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | |
| **Tony DeRosa-Grund, Evergreen** | § | |
| **Media Holdings, LLC, Evergreen** | § | |
| **Media Group, LLC, Silverbird** | § | |
| **Media Group, LLC, and** | § | |
| **Eva S. Engelhart, Chapter 7** | § | |
| **Successor Trustee** | § | |

### MOTION OF NEW LINE PRODUCTIONS, INC. FOR LEAVE TO DEPOSIT FUNDS

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**To the Honorable Jeff Bohm,
United States Bankruptcy Judge:**

New Line Productions, Inc. ("New Line"), Interpleader Plaintiff in the above captioned adversary proceeding, files this Motion for Leave to Deposit Funds (the "Motion").  In support, New Line respectfully states as follows:

## Summary Of The Motion And Request For Relief

1. Pursuant to Rule 67 of the Federal Rules of Civil Procedure and Rule 7067 of the Federal Rules of Bankruptcy Procedure (applying Fed. R. Civ. P. 67 in adversary proceedings), New Line seeks leave to deposit with the clerk of the Court the entire Sequel Payment (defined below), which will be owed by New Line in connection with its production of the motion picture project currently entitled "Annabelle 2."  New Line faces competing demands by multiple claimants to the Sequel Payment, and cannot determine, without hazard to itself, how to proceed. Accordingly, New Line has filed an adversary proceeding for interpleader under Rule 22 of the Federal Rules of Civil Procedure and Rule 7022 of the Federal Rules of Bankruptcy Procedure (applying Fed. R. Civ. P. 22 to adversary proceedings) to obtain an adjudication of the respective rights of the multiple claimants to the Sequel Payment.

2. Under the terms of an Option Quitclaim Agreement entered into between New Line, on the one hand, and Debtor, EMH, EMG, and Silverbird (collectively, the "Debtor Entities"), on the other hand, on November 11, 2009, as amended on October 9, 2010 ("OQA"), the Debtor Entities are collectively owed the Sequel Payment.  Attached hereto as Exhibit "A" is a true and correct copy of the OQA.

3. Debtor claims that the Sequel Payment is owed to EMH under the terms of the OQA.  Attached hereto as Exhibit "B" is a true and correct copy of a letter sent by the Debtor on behalf of EMH to New Line on June 1, 2016, in which Debtor asks New Line to "please let [the Debtor and EMH] know the date that New Line intends to tender [EMH] the payment it is due

for Annabelle 2 under the terms of the OQA." Attached hereto as Exhibits "C" and "D" are copies of the same June 1, 2016, letter that Debtor sent to New Line again on June 6, 2016 and June 8, 2016.

4. The Trustee, on the other hand, claims that the Sequel Payment owed under the terms of the OQA to "Company" should be sent to her, since the Trustee owns and controls an interest in two of the three entities included in the term "Company" through the Debtor's bankruptcy – Silverbird and EMG.[1] Attached hereto as Exhibit "E" is a true and correct copy of a letter sent by the Trustee's counsel to New Line on June 2, 2016, in which the Trustee "requests that New Line send any further payments due under the [OQA] to her."

5. Accordingly, by this Motion, New Line seeks leave of the Court to deposit the entire Sequel Payment with the Clerk of the Court, and an order directing the Clerk of the Court to accept same into the registry of the Court.

### Factual Background

*The Sequel Payment*

6. On November 11, 2009, New Line, on the one hand, and Company, on the other hand, entered into the OQA, pursuant to which Company sold "all right, title and interest" in a project referred to as "The Conjuring" to New Line. The OQA defines "Company" to include the Debtor, EMH, EMG, and Silverbird collectively and without further delineation. Pursuant to the OQA, New Line produced the theatrical motion picture entitled *The Conjuring*, which was released by New Line in July 2013.

---

[1] The Trustee's position set forth in her June 2, 2016 letter (Ex. E) with respect to the Sequel Payment is based solely on her ownership of two of the entities included in the definition of "Company" under the OQA. The motion picture project "Annabelle 2" is completely unrelated to the treatment that was the subject of Debtor's motion to reopen his bankruptcy (the "Treatment").

7. The OQA contains a provision governing the payment for theatrical sequels and remakes, which provides in relevant part that:

> Company shall be entitled to the following additional payments . . . [i]f an English language feature-length live-action theatrical sequel [is produced] . . . **a sum equal to 100% of the Purchase Price** . . . payable 50% within 10 days of the commencement of principal photography of each such sequel . . . and 50% within 10 days following the completion of principal photography of each such sequel . . . .

(Ex. A § 5(b) (emphasis added).)

8. The "Purchase Price" for *The Conjuring* was $750,000 (the "Sequel Payment"). New Line will shortly be commencing principal photography on "Annabelle 2," an English language feature-length live-action theatrical sequel (the "Sequel"), with a current anticipated production start date of June 27, 2016. Accordingly, under the OQA New Line is obligated to make a $750,000 Sequel Payment to the "Company" as defined in the OQA, 50% of which is payable on or before July 7, 2016. Currently, New Line anticipates that principal photography will wrap on or around August 15, 2016, thus 50% of the Sequel Payment will be payable on or around August 25, 2016.

9. The OQA does not specify that any portion or percentage of the Sequel Payment is payable to the Debtor versus EMG, EMH, or Silverbird. Instead, the OQA states that the entire Sequel Payment shall be made to "Company," with "Company" defined under the OQA to include the Debtor, EMG, EMH, and Silverbird collectively and without further delineation. (Ex. A, p. 1.)

### *The Debtor's Bankruptcy Proceedings*

10. On May 7, 2009, the above captioned bankruptcy case – an involuntary bankruptcy case under chapter 7 of title 11 of the United States Code – was instituted against the Debtor, Tony DeRosa-Grund. (Dkt. 1.) On June 8, 2009, the Order for Relief was entered by

the Court. (Dkt. 11.)  On June 15, 2009, David J. Askanase was appointed as chapter 7 trustee of the estate.  An order discharging the Debtor was entered on July 26, 2010. (Dkt. 54.)

11. On September 25, 2013, the Chapter 7 Trustee filed his Final Report. (Dkt. 76.) On March 26, 2014, the Chapter 7 Trustee filed his *Final Account and Distribution Report Certification that the Estate has been Fully Administered and Application to be Discharged*. (Dkt. 88.)  On May 8, 2014, the Court entered the Final Decree, and the Debtor's bankruptcy case was closed. (Dkt. 90.)

12. On September 23, 2015, Debtor filed a motion to reopen, seeking to reopen the Debtor's bankruptcy case. (Dkt. 92.)

13. The Court issued its Order Regarding the Debtor's Motion to Reopen Chapter 7 Case Pursuant to 11 U.S.C. § 350 on January 22, 2016. (Dkt. 123.)  In its Order, the Court reopened the case and ordered the Debtor to amend his Schedule B to list the assets that he failed to initially disclose. (*Id*.)

14. On January 25, 2016, Trustee David J. Askanase was removed from the bankruptcy case, and Successor Trustee Eva S. Engelhart was added to the case.

15. On May 13, 2016, Debtor filed his amended Schedule B. (Dkt. 199.)  Debtor's amended Schedule B lists EMG and Silverbird as assets of the Estate. (*Id*.)

### *Conflicting Demands To The Sequel Payment*

16. New Line is in possession of the sum of $750,000, representing the Sequel Payment.

17. The Debtor sent a letter on behalf of EMH to New Line on June 1, 2016, in which he "request[ed] that [New Line] please let [the Debtor and EMH] know the date that New Line intends to tender to [EMH] the payment it is due for Annabelle 2 under the terms of the OQA."

(Ex. B.)  The Debtor then sent the same letter to New Line again on June 6, 2016 and June 8, 2016.  (Exs. C & D.)  Thus, Debtor is clearly asserting that the Sequel Payment should be made to EMH.

18.   Counsel for the Trustee sent a letter to New Line on June 2, 2016, which stated, among other things, that:

> New Line's payment obligations under the [OQA] are owed to the defined term "Company." . . . Contrary to the allegation in Mr. DeRosa-Grund's demand letter, New Line's payment obligation [of the Sequel Payment] is not solely to Evergreen Media Holdings, LLC.
>
> As part of the [above captioned] Bankruptcy Case, the Trustee owns and controls an interest in two of the three entities included in the term "Company"— Silverbird Media Group, LLC and Evergreen Media Group, LLC.  Accordingly, on behalf of Silverbird Media Group, LLC and Evergreen Media Group, LLC, the Trustee requests that New Line send any further payments due under the [OQA] to her.

(Ex. E.)

19.   The Debtor on behalf of EMH and the Trustee have each made conflicting demands on New Line to the Sequel Payment.  (Exs. B-E.)  Unable to resolve those conflicting demands and unable to determine to whom the Sequel Payment should rightfully be delivered, New Line filed the present action.

## Argument

### *New Line Should Be Granted Leave To Deposit The Sequel Payment*

20.   In an interpleader action brought pursuant to Rule 22 of the Federal Rules of Civil Procedure and Rule 7022 of the Federal Rules of Bankruptcy Procedure, the plaintiff may – upon notice to every other party and by leave of court – deposit with the court the disputed funds pending the outcome of the case.  Fed. R. Civ. Proc. 67(a); Fed. R. Bankr. P. 7067; *see, e.g., In re HLW Enterprises of Texas, Inc.*, 157 B.R. 592, 598-99 (Bankr. W.D. Tex. 1993) (noting

stakeholder's deposit of funds into court registry in Rule 7022 action); *S. Farm Bureau Life Ins. Co. v. Lusk*, No. 4:13-CV-847, 2014 WL 1761634, at *1 (S.D. Tex. Apr. 24, 2014) (court previously ordered plaintiff to deposit funds in Rule 22 interpleader action; identifying typical interpleader steps as including "'the preparation of a petition, the deposit in the court or posting of bond, service on the claimants, and the preparation of an order discharging the stakeholder'") (quoting 7 Charles Alan Wright, *et al*., Federal Practice & Procedure Civ. § 1719 (3d ed. 1998)).[2]

21.  Deposit under Fed. R. Civ. Proc. 67 allows a party to "be relieved of responsibility for a sum" and "gives other litigants assurance that any judgment will be collectable." Adv. Comm. Notes on 1983 Amendments to Fed. R. Civ. Proc. 67. At bottom, the question of whether or not to grant a motion pursuant to Fed. R. Civ. P. 67 and Fed. R. Bankr. P. 7067 is "a matter committed to the sound discretion of the district court." *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990) (citing *Gulf States Utils. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474-75 (5th Cir. 1987)).

22.  Here, New Line initiated this interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 7022 in order to obtain an adjudication of the respective rights of the Interpleader Defendants to the Sequel Payment. New Line is a disinterested stakeholder and is indifferent to which of the Interpleader Defendants it should pay the Sequel Payment. New Line is unable to determine who is entitled

---

[2] *See also Life Ins. Co. of N. Am. v. Kreuzer*, No. EP-06-CA-173-FM, 2006 WL 3306148, at *2 (W.D. Tex. Nov. 2, 2006) ("[I]t is only necessary for the stakeholder to prepare the interpleader petition, deposit the disputed stake into the court's registry, serve the claimants, and prepare a motion asking the Court to discharge the stakeholder."); *Am. Gen. Life Ins. Co. v. Wilkes*, 290 F. App'x 688, 690 (5th Cir. 2008) ("After AG Life deposited the requisite funds into the registry of the court, the district court, pursuant to an agreement by all parties, dismissed AG Life from this action."); Prac. Guide Fed. Civ. Proc. Before Trial (5th Cir.) Ch. 10-B (noting that "the court *may* (discretionary) require the stakeholder to deposit the res into the court's registry as a condition of maintaining the Rule 22 interpleader") (emphasis in original; citations omitted); *accord Protective Life Ins. Co. v. Mizioch*, No. CV 10-1728-PHX-JAT, 2011 WL 587963, *2 (D. Ariz. Feb. 10, 2011) ("If the relief sought in an [interpleader] action includes money, a party – with leave of court and on notice to all other parties – may deposit the funds with the court.").

to the Sequel Payment and has a real and reasonable fear of exposure to multiple liability. On the one hand, New Line cannot pay the Debtor on behalf of EMH without risking a claim, including litigation, from the Trustee. On the other hand, New Line cannot pay the Trustee without potentially violating the OQA, thereby risking a claim, including litigation, from the Debtor on behalf of EMH. Thus, New Line is unable to resolve the conflicting demands and is unable to determine to whom all or part of the Sequel Payment should rightfully be delivered.

23.   As a result, pursuant to Rule 67(a) of the Federal Rules of Civil Procedure and Rule 7067 of the Federal Rules of Bankruptcy Procedure, New Line respectfully requests leave to deposit the Sequel Payment with the Court. For ease of administration, New Line respectfully requests that the Court order it to deposit the entire $750,000 into the Court Registry in one transaction as opposed to $350,000 on or before July 7 and $350,000 on or before August 25, as would be the case under the OQA.

## CONCLUSION

24.   For the foregoing reasons, New Line respectfully requests that the Court grant New Line's Motion for Leave to Deposit the entire Sequel Payment in the amount of $750,000 and issue an order directing the Clerk of the Court to accept the Sequel Payment into the registry of the Court.

DATED: June 14, 2016

        Respectfully submitted,

        **Jackson Walker LLP**

        By:/s/ *Matthew Cavenaugh - ecf*
        Bruce J. Ruzinsky (SBN 17469425)
        Matthew D. Cavenaugh (SBN 24062656)
        Email: mcavenaugh@jw.com

JACKSON WALKER L.L.P.
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752 - 4200 (Telephone)
(713) 308 - 4184 (Facsimile)

**Counsel New Line Productions, Inc.**

**Of Counsel:**
**Jackson Walker L.L.P.**
Charles L. "Chip" Babcock
State Bar No. 01479500
S.D. ID # 10982
Attorney-in-Charge
cbabcock@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax

## Certificate of Service

I hereby certify and verify that on June 15, 2016, the forgoing instrument was served via first class mail to all parties listed below:

Tony Derosa Grund
923 High Meadow Ranch Drive
Magnolia, TX 77355

Evergreen Media Group, LLC
923 High Meadow Ranch Drive
Magnolia, TX 77355

Johnie J Patterson
Walker & Patterson,P.C.
P.O. Box 61301
Houston, TX 77208-1301
713-956-5577
Fax : 713-956-5570
Email: jjp@walkerandpatterson.com
**Counsel for Debtor**
.

Evergreen Media Holdings, LLC
923 High Meadow Ranch Drive
Magnolia, TX 77355

Silverbird Media Group, LLC
923 High Meadow Ranch Drive
Magnolia, TX 77355

Aaron James Power
Porter Hedges LLP
1000 Main 36th Flr
Houston, TX 77002
713-226-6631
Fax : 713-226-6231
Email: apower@porterhedges.com

By:/s/ _____

Matthew D. Cavenaugh